## AUTOMOBILE DISCOUNT COMPANY *v.* BALL.

[No. 12,477.   Filed April 22, 1926.]

CHATTEL MORTGAGES.—*Mortgagee entitled to possession of mortgaged automobile after breach of the provisions of the mortgage.*—A mortgagee was entitled to the possession of a mortgaged automobile after the mortgage had been breached by defaulting in the payments and removing the car from the county in violation of the terms thereof, and the mortgagee having obtained possession of the car, the mortgagor was not entitled to recover it in a replevin suit.

From Marion Superior Court (A 26,233); *Theophilus J. Moll,* Judge.

Action by Charles E. Ball against the Automobile Discount Company. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*Louis Rosenberg* and *Salem D. Clark,* for appellant.
*W. E. Henderson* and *W. S. Henry,* for appellee.

NICHOLS, C. J.—Action by appellee in replevin to recover the possession of an automobile, and for damages for the detention thereof. There was a trial by the court, which resulted in a judgment in favor of appellee that he recover possession of the car, together with $100 for the unlawful detention thereof, that the same is of the value of $550, and that, before surrendering or paying the value thereof, appellant is entitled to receive from appellee $300 or to retain such amount from the value of the car as adjudged.

The error presented is the action of the court in overruling appellant's motion for a new trial. The only question that we need to consider is who was entitled to the possession of the car at the time the suit was commenced.

It appears by the evidence that appellee, being the owner of the car involved, mortgaged it to appellant on August 31, 1923, to secure the payment of $500, evidenced by a note, payable $41.70 per month for twelve months. The mortgage was conditioned that if appellee should punctually pay said sums of money with interest when the same should severally become due, and not encumber, dispose of or remove said mortgaged property from Marion county, Indiana, such mortgage should be void, otherwise to be in full force and effect. The mortgage further provided that appellee should retain possession of the car until the debt should become due, or until there was default made in some of the conditions thereof, and, upon such default, the mortgagee, appellant, should be entitled immediately to take pos-

Automobile Discount Co. *v.* Ball—84 Ind. App. 483.

session and seize such car, and to sell the same at public auction, upon first giving ten days' notice to the mortgagor.

It further appears that appellee, a Methodist minister, was transferred from Indianapolis, to Covington, Kentucky, and, desiring to take the car with him, conferred with appellant's attorney, in whose hands the note and mortgage were at that time for collection, with reference thereto. There is conflict in the evidence as to what arrangements were made, or rather attempted to be made, but it clearly appears by the evidence, both by appellee and by appellant, that no agreement was finally consummated and that there was no release of the original mortgage. Appellee claims that there was a new mortgage made and accepted, but, if so, such alleged mortgage, which was read in evidence, contained the same conditions as the original, as set out above. Appellee took the car with him to Covington, Kentucky, at which time, he was in default in his payments. Appellant took possession of the car in that city, and returned with it to Marion county, and this suit followed. At that time, appellee had breached the conditions of the mortgage, in that he was in default in his payments, and that he had removed the car from Marion county. Clearly, the possession of the car by appellant was not unlawful. Appellant was within its rights under the mortgage. Whether there was a conversion by appellant by a sale of the car without complying with the terms of the mortgage as to the sale, is not before us. This action was purely a possessory action.

Judgment reversed.